FILED
January 28, 2016
TN COURT OF
WORKERS' COMPENSATION
CLAIMS
TIME 11:19 AM



## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| JOSEPH RINGEN, | ) | Docket No. 2015-06-1036 |
| **Employee,** | ) | |
| v. | ) | **State File No. 67488-2015** |
| VANQUISH WORLDWIDE, | ) | |
| **Employer,** | ) | **Judge Joshua Davis Baker** |
| And | ) | |
| PROTECTION INSURANCE, | ) | |
| **Carrier.** | ) | |
| | ) | |

## EXPEDITED HEARING ORDER DENYING REQUEST FOR TEMPORARY DISABILITY AND MEDICAL BENEFITS

This matter came before the undersigned workers' compensation judge on the Request for Expedited Hearing filed by the employee, Joseph Ringen, pursuant to Tennessee Code Annotated section 50-6-239 (2014). The present focus of this case is whether Mr. Ringen may recover temporary disability and medical benefits from his employer, Vanquish Worldwide (Vanquish). The central legal issue is whether Mr. Ringen is likely to succeed in a hearing on the merits in establishing entitlement to these benefits. For the reasons set forth below, the Court finds Mr. Ringen is unlikely to prevail at a hearing on the merits and denies his request for temporary disability and medical benefits.[1]

### History of Claim

Mr. Ringen is a fifty-one-year-old resident of Sumner County, Tennessee, employed by Vanquish. Mr. Ringen testified he was "whole" and "good to go so far as healthwise" when he started work for Vanquish. However, he visited Dr. Goff at Gallatin Chiropractic on July 3, 2015—two days before he began working for Vanquish—for treatment of neck, shoulder and back pain. (Ex. 1.) Dr. Goff scheduled him to return for more treatment in two weeks. *Id.*

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

The medical records indicated Mr. Ringen went to Gallatin Chiropractic more than thirty times over the year prior to the July 3, 2015 visit. *Id.* Mr. Ringen stated he saw the chiropractor for "general wellness" and to alleviate pains associated with yard work. He admitted he was a regular maintenance chiropractic patient before he started work for Vanquish.

On July 5, 2015, Mr. Ringen began work as a delivery truck driver for Vanquish. His job duties required him to deliver goods to Dell, Walmart and other local companies. Mr. Ringen testified the truck Vanquish provided him to make deliveries "was considered a backup truck used when the normal trucks were broken down for a day." According to Mr. Ringen, the truck "didn't have shock absorbers under the seat, it shook, it had a bad exhaust;" it was also extremely dirty. He claimed the truck shook, "pretty feverish."

On July 12, 2015, Mr. Ringen presented to the emergency room at Sumner Medical Regional Center. (Ex. 1 at 48.) He went to the emergency room because he "could not swallow." According to the medical records, his symptoms began the previous day and Mr. Ringen experienced similar symptoms in the past. Providers at Sumner Regional diagnosed him with strep throat, gave him some antibiotics and released him. *Id.* at 54. He visited Sumner Regional again with similar complaints on July 29, 2015. At this visit, Providers at Sumner Regional determined Mr. Ringen did not have strep throat and diagnosed him with a virus. (Ex. 1 at 22.)

Sumner Regional billed $1,412.61 for the July 12 treatment, and $1,651.13 for the July 29 treatment. He attempted to utilize his private insurance, Blue Cross and Blue Shield, to pay for his visit to Sumner Regional, but his insurance declined to pay. (Ex. 4). At the hearing, Mr. Ringen testified his policy expired before he went to Sumner Regional.

Mr. Ringen tried to have the July 29 visit covered under workers' compensation because he believed bacteria from the truck caused him to develop strep throat. At the hearing, however, Mr. Ringen admitted he "couldn't say, honestly, if it was from the truck."

On July 24, 2015, Mr. Ringen returned to see Dr. Goff at Gallatin Chiropractic complaining of pain in his neck and back. (Ex. 1.) The medical records indicate he told Dr. Goff the truck he drove for work threw him around, and stated "he could hardly take it." *Id.* Mr. Ringen indicated his pain had increased since his previous visit. *Id.* Dr. Goff advised he should return for more treatment "within the week." *Id.* Dr. Goff did not opine whether Mr. Ringen's pain resulted from his work.

Mr. Ringen testified that he soiled himself three times over a two-week period beginning in the first week of August 2015, and cited the condition of the truck as the cause of these incidents. He testified he did not soil himself outside of work over this

2

period. He further testified he never soiled himself prior to coming to work for Vanquish and had not done so since leaving Vanquish's employ. He did not seek medical attention following these incidents and admitted he did not know what "recompense" could be provided.

Over the course of his employment with Vanquish, Mr. Ringen sent several emails and exchanged text messages with Vanquish employees. (Exs. 5, 6.) Most of these texts and emails concerned discrepancies in his paycheck or the condition of his work truck. On August 10, 2015, he emailed his supervisor, Greg Davis, and stated he needed to file a workers' compensation claim alleging "it all has to do with truck 124987." (Ex. 6.) He sent similar emails to Heidi Wright, Vanquish's safety manager, on August 24, 25 and 27, 2015. *Id.*

Mr. Ringen sent a copy of a video showing the condition of the truck to Heidi Wright, Vanquish's safety manager on August 27, 2015.[2] *Id.* Mr. Ringen recorded the video while driving. Shortly after sending the video, Mr. Davis terminated him for using a cell phone while driving the truck. Mr. Ringen admitted using his cell phone while driving violated Vanquish's workplace rules.

After his termination, Mr. Ringen continued to treat with Dr. Goff until January 5, 2016. (Ex. 1.) Following an office visit on January 5, 2016, Dr. Goff told Mr. Ringen only to return as needed. *Id.* Dr. Goff never opined that Mr. Ringen's need for chiropractic care arose from his work for Vanquish.

Mr. Ringen filed a Petition for Benefit Determination (PBD) seeking medical benefits. (T.R. 1.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice (DCN). (T.R. 2.) The DCN shows that Mr. Ringen also seeks temporary disability benefits. Mr. Ringen filed a Request for Expedited Hearing, and this Court heard the matter on January 6, 2015. (T.R. 3.)

At the Expedited Hearing, Mr. Ringen asserted he asked Vanquish to see a physician regarding pain the truck caused him. He asked the Court to award him the cost of his medical bills from Sumner Regional and Dr. Goff. He also seeks temporary disability benefits for time missed from work due to neck and back pain, strep throat, and a virus. He claimed that he told Vanquish of his need for treatment on multiple occasions yet Vanquish failed to provide him workers' compensation benefits.

Vanquish argued that Mr. Ringen's claim is not compensable and his actions constitute those of a disgruntled, rather than an injured, employee. It asserted Mr. Ringen failed to prove a causal relationship between his work and any of his alleged injuries. It

---

[2] Mr. Ringen filed the video with the Clerk but did not move it into evidence.

also asserted Mr. Ringen was not a credible witness.

During the hearing, Vanquish asked permission to file Mr. Ringen's chiropractic records preceding his date of injury as a late-filed exhibit. Vanquish did not have the records because Mr. Ringen refused to allow the chiropractor to release them. The Court ordered Mr. Ringen to release the documents. It also granted Vanquish's request to file the records as a late filed exhibit. Vanquish filed the records with the Court on January 13, 2016.

## Findings of Fact and Conclusions of Law

### I.    Vanquish's Motion to Dismiss

Prior to the hearing, Vanquish moved to dismiss Mr. Ringen's Request for Expedited Hearing arguing that his affidavit failed to allege a sufficient factual basis to demonstrate entitlement to relief. The rule governing Requests for Expedited Hearing states: "All motions for expedited hearing must be accompanied by affidavits and any other information demonstrating that the employee is entitled to temporary disability or medical benefits." Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a) (2015). Contrary to Vanquish's position, the rule provides no specifics concerning the content of the affidavit. The affidavit requirement exists to provide the employer fair notice of the facts associated with an employee's claim. *See Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14 (Tenn. Workers' Comp. App. Bd. May 18, 2015). The Court will not, however, read the affidavit in a vacuum. The Court agrees that, standing alone, Mr. Ringen's affidavit provides little, if any, specific evidence concerning the circumstances of his alleged injury. When read in concert with the DCN and the attached text messages and emails, however, the Court finds the affidavit provides sufficient notice that Mr. Ringen seeks workers' compensation benefits for injuries allegedly associated with a work-related injury. The Court respectfully denies Vanquish's motion to dismiss Mr. Ringen's Request for Expedited Hearing.

### II.    Mr. Ringen's Claims for Relief

Under the Workers' Compensation Law, "injury" means "any injury by accident . . . that causes death, disablement or the need for medical treatment[.]" Tenn. Code Ann. § 50-6-102(14) (2015). To be compensable, an injury must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment." *Id.* "An injury arises primarily out of and in the course and scope of employment only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" *Id.* (internal quotations omitted). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall*

4

*v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[3] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at \*6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Accordingly, Mr. Ringen has the burden of presenting sufficient evidence from which this Court can find that he is likely to prevail at a hearing on the merits in proving entitlement to temporary disability and medical benefits. The Court finds he failed to carry this burden.

The charges Mr. Ringen incurred while seeking treatment for strep throat at the Sumner Regional emergency room are not recoverable. Except in "the most obvious, simple and routine cases," a workers' compensation claimant must establish by expert medical testimony that he or she is injured and that there exists a causal relationship between the injury and the claimant's employment activity. *Wheetley v. State*, No. M2013-01707-WC-R3-WC, 2014 Tenn. LEXIS 476, at \*5 (Tenn. Workers' Comp. Panel June 25, 2014) (citing *Excel Polymers, LLC v. Broyles*, 302 S.W.3d 268, 274 (Tenn. 2009); *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008)). Nothing in the records from Sumner Regional referenced a causal relationship between Mr. Ringen's work for Vanquish and his strep throat. Furthermore, strep throat is not an obvious, simple, and routine condition such as a cut, scratch, or bruise, thus proof of its work-relatedness requires an expert medical opinion.

Aside from Mr. Ringen's failure to prove the cause of his strep throat, the Court finds Mr. Ringen failed to give Vanquish proper notice before seeking emergency treatment for the condition. At the earliest, Mr. Ringen provided Vanquish written notice of his desire to seek treatment for his injuries under workers' compensation on August 10, 2015. (Ex. 6.) Mr. Ringen received care at Sumner Regional on July 12 and 29, 2015. (Ex. 1 at 39, 48.) To recover the cost of this unauthorized care, Mr. Ringen must prove he had good reason for seeking care without notifying the employer. *See Lane v. Olsen Staffing Servs.*, No. E2001-00380-WC-R3-CV, 2002 Tenn. LEXIS 34, at \*7-8 (Tenn. Workers' Comp. Panel Jan. 31, 2002) (citing *Dorris v. INA Ins. Co.*, 764 S.W.2d 538 (Tenn. 1989)). The proof did not show Mr. Ringen's need for care was so immediate that he could not have contacted Vanquish before going to Sumner Regional.

---

[3] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

Additionally, he failed to show that Sumner Regional provided reasonable and necessary care. For these reasons, Mr. Ringen cannot recover the costs for these medical bills.

Mr. Ringen argued Vanquish should have provided him a panel of physicians to treat his conditions. The administrative rules governing procedures in the Bureau of Worker's Compensation provide, "[u]pon notice of any workplace injury, other than a minor injury for which no person could reasonably believe requires treatment from a physician, the employer shall immediately provide the injured employee a panel of physicians that meets the statutory requirements for treatment of the injury." Tenn. Comp. R. & Regs. 0800-02-01-.25(1) (2015). The Court finds Mr. Ringen's alleged back and neck injury was the only condition that would have qualified for care under the rule.

In an August 10, 2015 email, Mr. Ringen told Mr. Davis that he wished to file a workers' compensation claim because the gyration and shaking of the truck caused his neck, back and head to hurt. (Ex. 6.) The Court agrees that the best course of action would have been for Vanquish to provide a panel to Mr. Ringen at that time. It did not, and its failure to do so could result in the assessment of a civil penalty of up to $5,000. *See* Tenn. Comp. R. & Regs. 0800-02-01-.25(1) (2015).

Mr. Ringen, however, received care for his back and neck condition from Dr. Goff. Although it was reasonable for Mr. Ringen to seek treatment on his own once Vanquish failed to provide a panel of physicians, the Court finds Mr. Ringen cannot recover the costs of Dr. Goff's chiropractic services because he failed to show the care was reasonable and necessary to treat a work-related claim. Although Mr. Ringen complained to Dr. Goff that his work for Vanquish hurt his back and neck, Dr. Goff never causally related Mr. Ringen's condition to his work. Without such an opinion, the Court finds Mr. Ringen cannot meet his burden of proof.

The Court finds Mr. Ringen is not entitled to receive temporary disability benefits. An employee is entitled to receive temporary total disability benefits pursuant to Tennessee Code Annotated § 50-6-207(1) (2015) whenever the employee suffered a compensable, work-related injury that rendered the employee unable to work. *See Simpson v. Satterfield,* 564 S.W.2d 953 (Tenn. 1978). Mr. Ringen presented no evidence that any doctor took him off of work due to any of his conditions, nor did he prove through medical expert opinion that his conditions were work-related. Having not proven that he missed work due to a work-related injury, Mr. Ringen cannot demonstrate entitlement to temporary disability benefits.

Mr. Ringen has not come forward with sufficient evidence from which this Court concludes he is likely to prevail at a hearing on the merits in proving he suffered an injury that arose primarily in the course and scope of employment. Accordingly, his requests for temporary disability and medical benefits are denied at this time. Because the Court finds that Mr. Ringen failed to carry his burden of proof, the Court declines to

6

rule on Vanquish's claims concerning his credibility as a witness.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Ringen's claim against Vanquish and its workers' compensation carrier for the requested temporary disability and medical benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on **February 29, 2016, at 1:00 p.m. (CST).**[4]

    **ENTERED this the 28th day of January, 2016.**

    _____
    **Judge Joshua Davis Baker**
    **Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Joshua Davis Baker, Court of Workers' Compensation Claims. You must call 615-741-2113 or toll-free at 855-874-0474 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

---

[4] At the close of the Expedited Hearing, the parties agreed to hold this hearing at 10:00 a.m. The Court did not know that it had a conflict at that time. If the parties cannot appear at the time listed above, please call the Clerk and request a different time for the Initial Hearing.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:

1. Medical records from Sumner Regional Medical Center
2. Gallatin Chiropractic Records[5]
3. Affidavit of Joseph Ringen and attached documents
4. Medical bills
5. Text Messages and Screenshots submitted with Request for Expedited Hearing
6. Email Messages submitted with Request for Expedited Hearing
7. Expanded view of medical record dated July 29, 2015

Technical record:[6]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Vanquish's Supplemental Brief
5. Notice of Appearance submitted by J. Allen Brown
6. Notice of Limited Appearance submitted by J. Allen Brown
7. Vanquish's Motion to Dismiss or an Extension of Time filed November 14, 2015
8. Mr. Rignen's Response to November 14, 2015 Motion to Dismiss
9. Order filed November 24, 2015
10. Notice of Filing Chiropractic Records dated January 12, 2016
11. Mr. Ringen's Response to Vanquish's Supplemental Brief
12. Prehearing Order
13. Motion to Dismiss
14. Notice of Hearing

---

[5] The Court allowed Vanquish to submit additional chiropractic records as a late-filed exhibit. Upon receipt, the Court added those records to this exhibit.

[6] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 28th day of January, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Joseph Ringen | | | | bluethunder320@aol.com |
| J. Allen Brown | | | | allen@jallenbrownpllc.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**